1
2
3
4
5       UNITED STATES DISTRICT COURT
        WESTERN DISTRICT OF WASHINGTON
                    AT TACOMA
6
7  AMRISH RAJAGOPALAN, MARIE
   JOHNSON-PEREDO, ROBERT
8  HEWSON, DONTE CHEEKS,                    CASE NO. C15-957 BHS
   DEBORAH HORTON, RICHARD
9  PIERCE, ERMA SUE CLYATT,                 ORDER GRANTING MOTIONS
   ROBERT JOYCE, AMY JOYCE,                 TO CONSOLIDATE
10 ARTHUR FULLER, DAWN MEADE,
   WAHAB EKUNSUMI, KAREN HEA,
11 and ALEX CASIANO on behalf of the
   CLASS CERTIFIED BY THIS COURT'S
12 MAY 14, 2015 ORDER CERTIFYING A
   CLASS IN *RAJAGOPALAN ET AL v.*
13 *MERACORD, LLC*,

14              Plaintiffs,

15       v.

16 FIDELITY AND DEPOSIT COMPANY
   OF MARYLAND, and PLATTE RIVER
17 INSURANCE COMPANY, as Sureties for
   Meracord, LLC,
18
                Defendants.
19
   CHERYL ANDERSON, on behalf of
20 herself and all others similarly situated    CASE NO. C15-5476 BHS

21              Plaintiff,

22

ORDER - 1

|   |   |
|---|---|
|   | v.<br><br>MERACORD, LLC, a Delaware limited liability company; FIDELITY AND DEPOSIT COMPANY OF MARYLAND, as a surety for Meracord, LLC,<br><br>                Defendants. |

This matter comes before the Court on Plaintiffs Alex Casiano, Donte Cheeks, Erma Sue Clyatt, Wahab Ekunsumi, Arthur Fuller, Karen Hea, Robert Hewson, Deborah Horton, Marie Johnson-Peredo, Amy Joyce, Robert Joyce, Dawn Meade, Richard Pierce, and Amrish Rajagopalan's ("Plaintiffs") motion to consolidate (C15-957, Dkt. 24) and Plaintiff Cheryl Anderson's ("Anderson") motion to consolidate (C15-5476, Dkt. 83). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motionS for the reasons stated herein.

## I. PROCEDURAL HISTORY

On December 3, 2013, Anderson filed a complaint against Defendants Meracord, LLC, ("Meracord") and Fidelity and Deposit Company of Maryland as surety for Meracord ("Fidelity") in the United States District Court for the District of Arizona. C15-5476, Dkt. 1. On February 10, 2014, Anderson filed an amended class action complaint against the same defendants asserting numerous causes of action including a cause of action for the proceeds of a surety bond that Fidelity issued on behalf of Meracord. *Id*., Dkt. 17. On July 9, 2015, the matter was transferred to this Court. *Id*., Dkt. 70.

1       On June 15, 2015, Plaintiffs filed a class action complaint against Fidelity and

2 Platte River Insurance Company ("Platte") as sureties for Meracord asserting causes of

3 action for (1) proceeds of surety bonds that Fidelity and Platte issued in several states

4 across the nation, (2) bad faith claims, and (3) declaratory relief. C15-957, Dkt. 1.

5       On August 10, 2015, Plaintiffs and Anderson filed motions to consolidate these

6 cases. C15-957, Dkt. 24; C15-5476, Dkt. 83. On August 24, 2015, Fidelity responded.

7 C15-957, Dkt. 32. On August 28, 2015, Plaintiffs replied. *Id.*, Dkt. 34.

## II. DISCUSSION

9       "If actions before the court involve a common question of law or fact, the court

10 may . . . consolidate the actions." Fed. R. Civ. P. 42(b). "[C]onsolidation is within the

11 broad discretion of the district court." *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th

12 Cir. 1987).

13       In this case, Fidelity opposes consolidation on the grounds that the *Anderson*

14 action is duplicative and should be dismissed. Dkt. 32 at 4–5. "As a general rule, a

15 federal suit may be dismissed 'for reasons of wise judicial administration . . . whenever it

16 is duplicative of a parallel action already pending in another federal court.'" *See Foster*

17 *v. Arcata Associates*, 772 F.2d 1453, 1458 (9th Cir. 1985) (quoting *Ridge Gold Standard*

18 *Liquors v. Joseph E. Seagram*, 572 F. Supp. 1210, 1213 (N.D. Ill. 1983) (citing *Colorado*

19 *River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976)).

20 "[G]enerally, a suit is duplicative if the 'claims, parties, and available relief do not

21 significantly differ between the two actions.'" *Id.* (quoting *Ridge Gold*, 572 F. Supp. at

22 1213 (citations omitted)). While Fidelity has a strong argument that the Anderson claim

1  should be dismissed because it is identical to Plaintiffs' claim (*compare* C15-957, Dkt. 1,
2  ¶¶ 126–132 *with* C15-5476, Dkt. 17, ¶¶ 124–132), the Court declines to grant affirmative
3  relief based on arguments raised in a response brief.  Moreover, there is plenty of time to
4  dismiss the Anderson claim and the parties should meet and confer on this issue.

5        With regard to the merits of consolidation, the Court finds that the actions involve
6  common, if not identical, questions of law and fact and consolidation would promote
7  efficiency and conserve judicial resources.  Therefore, the Court grants Plaintiffs and
8  Anderson's motions.

### III. ORDER

10        Therefore, it is hereby **ORDERED** that Plaintiffs and Anderson's motions to
11  consolidate (C15-957, Dkt. 24; C15-5476, Dkt. 83) are **GRANTED**.  The Clerk of Court
12  is directed to file this order in Cause No. C15-957BHS and Cause No. C15-5476BHS and
13  then close Cause No. C15-5476BHS.  No additional documents shall be filed in Cause
14  No. C15-5476BHS, and all documents filed in the future regarding these matters are to be
15  filed in Cause No. C15-957BHS.

16        Dated this 2nd day of September, 2015.

BENJAMIN H. SETTLE
United States District Judge